**Opinion issued June 8, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-21-00718-CV**

———————————

**DEAN  SIVORAKOUNE, Appellant**

**V.**

**CHACKKRAPHAN CHAMRATBAN, Appellee**

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-36750**

**MEMORANDUM OPINION**

Appellant Dean Sivorakoune appeals from a final divorce decree rendered by default dissolving his marriage to appellee, Chackkraphan Chamratban. Sivorakoune filed an appellant's brief that failed to comply with the mandatory

briefing provisions in Rule 38.1 of the Texas Rules of Appellate Procedure.[1] The one-page, single-spaced brief included no citation to the record or any legal authority and failed to include the identity of parties and counsel, a table of contents, an index of authorities, a statement of the case, the issues presented, a summary of the arguments, or an appendix containing a copy of the trial court's judgment from which relief was sought. *See* TEX. R. APP. P. 38.1(a), (b), (c), (d), (f), (h), (i), (k).

We therefore struck Sivorakoune's brief and ordered him to file an amended brief that complies with Rule 38.1, no later than twenty days from the date of the order.[2] We also informed Sivorakoune that if he failed to comply with the Court's order, his appeal may be dismissed for want of prosecution or failure to comply with the requirements of the rules of appellate procedure or an order of this Court.[3]

---

[1]    *See M&E Endeavors LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.) (mem. op.) (explaining that appellate briefing requirements are mandatory).

[2]    *See* TEX. R. APP. P. 38.9(a) ("If the court determines that this rule has been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn."); *see also id.* 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.").

[3]    *See* TEX. R. APP. P. 38.8(a) (stating when appellant fails to file brief, court of appeals may dismiss appeal for want of prosecution or, if appellee has filed brief, may regard that brief as correctly presenting issues and affirm trial court's judgment without examining record); *id.* 42.3(b), (c) (stating appellate court may

Sivorakoune has failed to file an amended brief, as directed by the Court. We therefore dismiss the appeal for want of prosecution. *Id.* 38.8(a)(1), 42.3(b), 43.2(f).

## PER CURIAM

Panel consists of Justices Landau, Countiss, and Guerra.

---

dismiss appeal if it is subject to dismissal for want of prosecution or because appellant has failed to comply with requirements of appellate rules or court order).